# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| MERVIN G. ANDERSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:16-cv-02172-STA-cgc |
| MYRON BATTS, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER ADDRESSING PENDING MOTION,
## DENYING PETITION PURSUANT TO 28 U.S.C. 2241,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND
## DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On March 17, 2016, Petitioner, Mervin G. Anderson, Bureau of Prisons ("BOP") register number 12497-076, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro* se Emergency Motion for 28 U.S.C. 2241 and Injunctive Relief ("§ 2241 Petition"). (§ 2241 Pet., ECF No. 1.) The habeas filing fee was paid on March 28, 2016. (Case initiation fee, ECF No. 3.) The Clerk shall record the respondent as FCI Memphis Warden Myron Batts.[1] On April 26, 2016, Anderson filed a Motion for Writ of Mandamus. (Mot. for Writ of Mandamus, ECF No. 4.) For the reasons stated below, the Motion for Writ of Mandamus and the § 2241 Petition are **DENIED**.

---

[1] The § 2241 Petition names the United States of America as the sole respondent. The only proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is directed to terminate the United States of America as a party to this action.

When the § 2241 Petition was filed, Anderson was serving a thirty-year federal sentence. Anderson became eligible for placement in a residential re-entry center ("RRC") in May 2015, but he was informed that, because bed space in Memphis was limited, he would be housed at FCI Memphis until the expiration of his sentence. (§ 2241 Pet. at 2, ECF No. 1.) The § 2241 Petition alleges that the denial of RRC placement "VIOLATES 'DUE PROCESS, ADMINISTRATION [sic] PROCEDURE ACT, EQUAL PROTECTION, AND/OR THE FAIR SENTENCING ACT, via THE SECOND CHANCE ACT.'" (*Id.*) Anderson asks to be released to home confinement or to be released unconditionally. (*Id.* at 5.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A habeas petition that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another

2

facility. *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); *Thompson v. Smith*, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). In this case, the BOP's Inmate Locator reflects that Anderson was released on September 19, 2016. *See* http://bop.gov/inmateloc. Because Anderson is no longer in BOP custody, the Court is unable to order that the BOP release him.

Because the § 2241 Petition is moot, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The § 2241 Petition and the Motion for Writ of Mandamus are **DENIED** as moot. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a

supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because the § 2241 Petition is clearly moot, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

IT IS SO ORDERED this 21st day of October, 2016.

    s/ **S. Thomas Anderson**
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.